IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

GLK Foods, LLC,

        Plaintiff,

v.

Travelers Casualty and Surety Company of America,

        Defendant.

Case No. 17-cv-1116

## COMPLAINT FOR DECLARATORY JUDGMENT

GLK Foods, LLC, by its attorneys, Godfrey & Kahn, S.C., alleges for its complaint against Travelers Casualty and Surety Company of America as follows:

### NATURE OF ACTION

1. GLK is the largest producer of sauerkraut in the world, processing more than 120,000 tons of raw cabbage into sauerkraut annually. GLK has operations in the states of New York and Wisconsin, including a sauerkraut cannery plant in Bear Creek, Wisconsin.

2. For several years, GLK employed laborers from Mexico to assist at the Bear Creek cannery during the cutting season, which typically runs from August to November.

3. GLK brings this action pursuant to 28 U.S.C. § 2201(a), asking the Court to determine, as a matter of law, that Travelers must indemnify GLK for damages awarded against GLK in two underlying actions brought by certain of these migrant workers.

4. There is an actual and continuing controversy between GLK and Travelers over the extent to which the employment practices liability ("EPL") coverage provided by Travelers

to GLK under its Wrap+ insurance policy obligates Travelers to indemnify GLK for the damages awarded in the underlying actions.

## PARTIES

5. GLK is a limited liability company organized under the laws of Wisconsin, with its principal place of business at 158 E. Northland Ave., Appleton, Wisconsin. GLK, accordingly, is a citizen of Wisconsin.

6. Travelers is a stock insurance company organized under the laws of Connecticut, with its principal place of business at One Tower Square, Hartford, Connecticut. Travelers, accordingly, is a citizen of Connecticut.

## JURISDICTION AND VENUE

7. The Court has diversity jurisdiction over this case, pursuant to 28 U.S.C. § 1332(a)(1), because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. The Court has personal jurisdiction over Travelers, pursuant to Wis. Stat. § 801.05(10)(a) and (b).

9. Venue is proper in this District under 28 U.S.C. § 1391(b) because, among other reasons, GLK is a resident of this judicial district, and a substantial part of the events giving rise to the insurance claim occurred in this judicial district.

## FACTUAL BACKGROUND

10. GLK is the largest producer of sauerkraut in the world, processing more than 120,000 tons of raw cabbage into sauerkraut annually. GLK has operations in the states of New York and Wisconsin, including a sauerkraut cannery plant in Bear Creek, Wisconsin.

11. At the Bear Creek plant, raw cabbage grown at GLK farms and elsewhere is brought into the yard by truck. After field waste is separated out, each individual head of

cabbage is "cored" using a person-operated machine. The heads of cabbage are subsequently fed from the machines into a cleaner that sprays high-pressure water and tumbles the cabbage to remove outer leaves and dirt. Workers then inspect and trim the cabbage before it is shredded into coleslaw, salted, and put in vats for fermentation. This cutting and coring work is known as "trim-line" labor.

12. GLK requires trim-line laborers during the "cutting season." The cutting season typically runs from August to November.

13. For several years, GLK hired Mexican migrant workers through the H-2B program, a temporary work visa program for non- agricultural workers, to serve as trim-line laborers during the cutting season.

### The Underlying Actions

14. Alejandro Jurado Jimenez, *et al*. filed Case No. 12-CV-209 against GLK and its president, Ryan A. Downs, in this Court on February 29, 2012 (the "*Jimenez* case"). The *Jimenez* case was brought on behalf of approximately 210 migrant workers who worked at GLK during one or more of the 2006 through 2011 cutting seasons.

15. Jose Enriquez Ramirez, *et al*. brought Case No. 12-CV-210 against GLK and Ryan A. Downs in this Court on the same day as the *Jimenez* case was filed (the "*Ramirez* case"). The *Ramirez* case was brought on behalf of approximately 35 migrant workers who were recruited by GLK in 2011, but then not provided jobs after they allegedly had incurred certain expenses in anticipation of employment.

16. The *Jimenez* plaintiffs alleged in their complaint, among other things, that GLK had breached its employment agreements with the plaintiffs by:

> a) paying first week wages below the applicable prevailing wage rate (based on a failure to reimburse plaintiffs for pre-employment expenses);

b) failing to provide employment that complied with all applicable federal and state employment related laws and regulations;

c) failing to provide 40 hours of work each week; failing to provide work for the full certified period of employment; and

d) failing to provide or pay for all of the costs of return transportation when employment ended before the end of the certified employment period.

17. The *Ramirez* plaintiffs made similar allegations in their operative complaint.

18. The *Jimenez* and *Ramirez* plaintiffs moved for, and the Court granted, summary judgment on the breach of contract and other claims on May 23, 2016.

19. The Court found in support of its decision that GLK failed to provide the plaintiffs with written agreements, thereby violating the Wisconsin Migrant Labor Act, Wis. Stat. § 103.915(1)(b).

20. Although GLK did not provide the *Jimenez* and *Ramirez* plaintiffs with written agreements, the Court found that the cannery nonetheless offered these workers employment subject to the condition that they obtain visas. According to the Court, receipt of a visa constituted acceptance of the job offer from GLK's perspective, thereby creating a contract for employment.

21. The Court held that the applicable H-2B applications helped supply the employment contracts' missing terms.

22. By Orders dated March 17, 2017 and April 10, 2017, the Court awarded the *Jimenez* plaintiffs damages, excluding attorneys' fees and costs, as follows:

| *Jimenez* | |
|---|---|
| Damages, plus prejudgment interest, for failure to provide employment for full certified period | $599,819.21 |
| Damages to raise first week's wages to | $41,890.00 |

| | |
|---|---|
| federal minimum wage rate | |
| Damages, plus prejudgment interest, to raise first week's wages from federal minimum to prevailing wage rate | $53,180.45 |
| Damages, plus prejudgment interest, for weeks with less than 40 hours employment | $29,378.41 |
| Damages for failure to pay workers the full costs of return transportation | $44,500.00 |
| Damages for failure to provide written recruitment disclosures | $8,340.00 |
| Damages for failure to provide written work agreements | $8,340.00 |
| Damages for unauthorized wage deductions for rent | $1,840.00 |
| Damages for failure to make and keep records of workers' permanent addresses | $8,340.00 |
| FLSA double damages | $41,890.00 |
| **Total:** | **$837,518.07** |

23. By Orders dated March 17, 2017 and April 10, 2017, the Court awarded the *Ramirez* plaintiffs damages, excluding attorneys' fees and costs, as follows:

| *Ramirez* | |
|---|---|
| Damages, plus prejudgment interest, for failure to provide employment for full certified period | $235,414.15 |
| Damages for failure to pay cost of inbound transportation | $11,158.00 |
| Damages for failure to pay workers the full costs of return transportation | $8,750.00 |
| Damages for unauthorized wage | $700.00 |

| | |
|---|---|
| deductions for rent | |
| Damages for failure to make and keep records of workers' permanent addresses | $700.00 |
| **Total:** | **$256,722.15** |

## Travelers' Insurance Policy

24. Travelers issued Wrap+ policy number 105722008 to GLK for the policy period from December 1, 2011 to December 1, 2012. The Travelers' policy provides EPL coverage on a claims-made basis, with a $5,000,000 Limit of Liability for all claims.

25. The EPL insuring agreement provides that Travelers

> will pay on behalf of the **Insured**, **Loss** for any **Employment Claim** first made during the **Policy Period**, or if exercised, during the Extended Reporting Period or Run-Off Extended Reporting Period, for a **Wrongful Employment Practice**.

26. "**Loss**" is defined in relevant part as

> **Defense Expenses** and money which an **Insured** is legally obligated to pay as a result of a **Claim**, including settlements; judgments; back and front pay; compensatory damages; punitive or exemplary damages or the multiple portion of any multiplied damage award if insurable under the applicable law most favorable to the insurability of punitive, exemplary, or multiplied damages; prejudgment and postjudgment interest; and legal fees and expenses of a **Claimant** or **Outside Claimant** awarded pursuant to a court order or judgment.

27. "**Claim**" is defined to mean "an **Employment Claim**," and "**Employment Claim**," in turn, is defined as

> . . .
>
> 2. a civil proceeding commenced by service of a complaint or similar pleading;
>
> . . .

> against an **Insured** by or on behalf of or for the benefit
> of a **Claimant**, or against an **Insured Person** serving in
> an **Outside Position** by or on behalf of or for the benefit
> of an **Outside Claimant**, for a **Wrongful Employment
> Practice** . . . .

28. "**Wrongful Employment Practice**" is defined, in relevant part, as any actual or alleged:

> . . .
>
> 5. **Wrongful Termination;**
>
> 6. breach of **Employment Agreement**;
>
> . . .
>
> 10. failure or refusal to create or enforce adequate
> workplace or employment policies and procedures, employ
> or promote, including wrongful failure to grant bonuses or
> perquisites, or grant tenure;
>
> . . .

29. "**Employment Agreement**" means "any express or implied employment agreement regardless of the basis in which such agreement is alleged to exist, other than a collective bargaining agreement."

30. "**Wrongful Termination**" is defined as

> the actual, alleged or constructive termination of an
> employment relationship between a **Claimant** and the
> **Insured Organization**, or the actual or constructive
> termination of an employment relationship between an
> **Outside Claimant** and an **Outside Entity**, in a manner or
> for a reason which is contrary to applicable law or public
> policy, or in violation of an **Employment Agreement**.

### **GLK' Tender of the Underlying Actions to Travelers**

31. GLK tendered the defense and indemnity of the *Jimenez* and *Ramirez* cases to Travelers shortly after the underlying actions were commenced, in early 2012.

32. Travelers accepted GLK's tender of defense, subject to a reservation of rights.

33. A dispute has subsequently arisen between Travelers and GLK over the extent to which Travelers' policy obligates the insurer to indemnify GLK for the damages awarded the *Jimenez* and *Ramirez* plaintiffs. GLK contends, and Travelers disputes, that the Wrap+ policy requires Travelers to indemnify GLK for at least $1,040,770.22 of the amounts awarded.

34. There is an actual controversy within the purview of 28 U.S.C. § 2201(a), concerning the extent to which the Wrap+ policy issued by Travelers provides coverage to GLK for the damages at issue in the underlying actions. This dispute is ripe for determination in this action.

## CLAIM FOR DECLARATORY RELIEF

35. GLK re-asserts and incorporates the allegations in the paragraphs above as though fully set forth here.

36. The Travelers' policy provides indemnity coverage for at least the following damages, or **Loss**, which GLK is legally obligated to pay as the result of the *Jimenez* and *Ramirez* claims for **Wrongful Termination** and/or "actual or alleged . . . breach of **Employment Agreement**:"

- Damages, including prejudgment interest, based on GLK's failure to provide work for the full certified period of employment – $835,233.36 ($599,819.21 + $235,414.15);

- Damages, including prejudgment interest, based on payment of first week wages below the applicable prevailing wage rate – $106,228.45 ($41,890.00 + $53,180.45 + $11,158.00);

- Damages, including prejudgment interest, based on GLK's failure to provide 40 hours of work each week – $29,378.41; and

- Damages for failure to provide or pay for all the costs of return transportation when employment was terminated before the end of the certified employment period – $53,250.00 ($44,500.00 + $8,750.00).

37. The Travelers' policy also provides indemnity coverage for the $8,340.00 awarded by the Court for GLK's failure to provide written work agreements, pursuant to Wis. Stat. § 103.915(b). GLK is legally obligated to pay that amount based on the cannery's "failure or refusal to create and enforce adequate . . . employment policies and procedures" and, thus, the award constitutes damages for covered **Wrongful Employment Practices**.

38. The Travelers' policy provides indemnity coverage for the $8,340.00 awarded by the Court for GLK's failure to provide recruiting disclosures, pursuant to 29 C.F.R. § 500.75(b), for the same reason as that set forth in the preceding paragraph.

39. The Wrap+ policy contains no exclusions or limitations that preclude or reduce Travelers' indemnity obligations with respect to the foregoing amounts.

40. The Wrap+ policy may provide indemnity coverage for additional amounts awarded by the Court to the *Jimenez* and *Ramirez* plaintiffs.

## REQUEST FOR RELIEF

WHEREFORE, GLK Foods, LLC respectfully requests the following relief:

A. Judgment in GLK's favor, determining that Travelers has a duty to indemnify GLK in an amount not less than $1,040,770.22 for damages awarded the *Jimenez* and *Ramirez* plaintiffs in the underlying actions;

B. Judgment granting GLK its attorneys' fees, costs, and disbursements as provided by law; and

C. Any other and further relief that the Court deems appropriate and just.

Dated: August 11, 2017.

By: _s/ Linda S. Schmidt_
James A. Friedman
State Bar No. 1020756
Linda S. Schmidt
State Bar No. 1054943

*Attorneys for GLK Foods LLC*

Godfrey & Kahn, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, WI 53701-2719
Phone: 608-257-3911
Fax: 608-257-0609
Email: jfriedman@gklaw.com
 lschmidt@gklaw.com

17577253.1